IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CULLEN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 09-1562 |
| | ) Judge Fischer |
| | ) Magistrate Judge Bissoon |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This is a prisoner civil rights action with, presently, four named Plaintiffs. Plaintiffs were all incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") at the time this suit was filed. Plaintiffs have filed a lengthy, factually detailed Complaint (Doc. 14), alleging a variety of practices and conditions at SCI-Pittsburgh that they say singly or in combination violate their Constitutional rights including: (1) double-celling of inmates in cramped, poorly ventilated cells; (2) unsanitary conditions and lack of repairs; (3) overcrowding; (4) inadequate law library and inadequate access to the courts; and (5) inadequate exercise facilities. Plaintiffs seek appointment of counsel, and also a stay of proceedings in order that counsel may be appointed (Doc. 15). Plaintiffs purport to represent a class of prisoners, but the undersigned has recommended this same date that Plaintiffs' class allegations be stricken.

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Tabron Court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id., at 157 n.7. The court also recognized that when "[a]n indigent Plaintiff with a

claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id., at 156. The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id., at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id., at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

A review of the Complaint in light of the factors announced in Tabron reveals the following:

(1) the particular legal issues are not difficult, and there is no indication that Plaintiff's, having drafted a Complaint in great detail, are incapable of presenting and arguing the merits of their claims;

(2) the necessary factual investigation can be adequately pursued by Plaintiffs;

(3) Plaintiffs appear to have no particular problem pursuing their claims;

(4) Plaintiffs' claims will involve, but it does not appear that it will be particularly extensive. And, it is apparent from the Complaint that Plaintiffs already possess substantial information concerning their claims;

(5) some of Plaintiffs' claims may turn on credibility determinations, but the bulk of the claims do not at this time appear likely to involve factual disputes; and,

(6) it does not appear that this time that expert testimony will be necessary.

Two the factors discussed above, factors (4 and 5), weigh in favor of appointing counsel, but both only slightly. Plaintiffs' request for the appointment of counsel (Doc. 15), therefore, is DENIED.

IT IS FURTHER ORDERED that, since counsel is not being appointed, Plaintiffs' Motion to Stay pending the appointment of counsel (Doc. 15) is also DENIED.

IT IS FURTHER ORDERED that the parties are allowed until August 25, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
**JOHN CULLEN**
BC6256
165 SCI Lane
Greensburg, PA 15601-9103

**MICHAEL PERRY**
DA3194
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

**MARTIN STULL**
GC6165
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501

**DONALD RUSCH**
HE7208
SCI Mercer
801 Butler Pike
Butler, PA 16137