IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CULLEN, *et al.*,           )
                                 )
    Plaintiffs,                )
                                 )
v.                               )   CIVIL ACTION No. 09-1562
                                 )   Judge Fischer
                                 )   Magistrate Judge Bissoon
PENNSYLVANIA DEPARTMENT OF       )
CORRECTIONS, *et al.*,           )
                                 )
    Defendants.                )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff John Cullen's Motion for Injunctive Relief (Doc. 69) be denied, and that Plaintiffs' class action allegations be stricken from the Complaint.

### II. REPORT

Plaintiff John Cullen is one of four state prisoners who, at the time this lawsuit was filed, were all incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiffs allege that a variety of practices and conditions at SCI-Pittsburgh violate their Constitutional rights (Doc. 14). Plaintiffs purport to represent a class of prisoners, and make specific class action allegations in their Complaint.

    **1. Injunctive Relief.**

Plaintiff Cullen alleges that he has been transferred from SCI-Pittsburgh to another facility. He asserts that this was to place "a severe burden" on him in pursuing this civil action. Cullen seeks an order compelling his transfer back to SCI-Pittsburgh.

In determining whether preliminary injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D. Pa. 1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (harm may not be speculative).

Plaintiff's assertions of harm are entirely speculative. Prisoners routinely litigate conditions of confinement claims from new places of confinement (and, on occasion, after their release from custody). Further, any difficulties Plaintiff may encounter in litigating his claim can be addressed as they arise, and as the Court finds appropriate.

### 2. Class Action Allegations.

A party (or parties) seeking class certification bears the burden of proving that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. Johnston

v. HBO Film Mgmt., Inc., 265 F.3d 178, 183-84 (3d Cir. 2001). To meet this burden, Plaintiffs must satisfy the four prerequisites of Rule 23(a) and show that the action can be maintained under at least one of the subsections of Rule 23(b). Id.

Importantly, a class action can be maintained only if the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). In this case, none of the plaintiffs is able to satisfy the adequacy of representation factor because none has sufficient legal education. E.g., Krebs v. Rutgers, 797 F.Supp. 1246, 1261 (D. N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education). Further, none of the imprisoned Plaintiffs could act as a "lead plaintiff" in a class action since "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Board, 160 Fed. App'x 249, 250 n. 1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant ... to represent his fellow inmates in a class action")). This prohibition arises from the language of Rule 23(a)(4), and is a recognition of the fact that an inmate is both a lay person, and is also subject to being transferred to another corrections facility at any time who cannot, by definition, adequately and fairly represent other incarcerated individuals. See Awala v. N.J. Dep't of Corr., 2005 U.S. Dist. LEXIS 18426, 2005 WL 2044910 (D.N.J. Aug. 23, 2005), appeal dismissed, 227 Fed. App'x 133 (3d Cir. 2007); Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); accord McNeil v. Guthrie, 945 F.2d 1163, 1164 (10th Cir. 1991) (a prisoner lacks standing to raise any claims of others regarding the class action). Thus, Plaintiffs may not maintain a class action, and the class action allegations in their Complaint should be stricken.

# III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion for Injunctive Relief (Doc. 65) be denied, and that Plaintiff's class action allegations be stricken from the Complaint.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 25, 2010. Failure to file objections may result in a waiver of the right to appeal.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
**JOHN CULLEN**
BC6256
165 SCI Lane
Greensburg, PA 15601-9301

**MICHAEL PERRY**
DA3194
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

**MARTIN STULL**
GC6165
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501

**DONALD RUSCH**
HE7208
SCI Mercer
801 Butler Pike
Butler, PA 16137