# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CULLEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 09-1562 |
| ) | Judge Fischer |
| ) | Magistrate Judge Bissoon |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Donald Rusch ("Rusch") is one of four state prisoners who, at the time this lawsuit was filed, were all incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiffs bring this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that a variety of practices and conditions at SCI-Pittsburgh violate their Constitutional rights. See, generally, Compl. (Docket No. 14). This suit commenced with the receipt of the complaint on November 11, 2009. (Docket No. 1). Plaintiffs were granted leave to proceed *in forma pauperis* ("IFP") on January 22, 2010.

On December 21, 2010, this Court dismissed with prejudice, in part, and without prejudice, in part, Rusch's claims against Defendants Adams, Ludwig, Xander and Community Education Centers, Inc. ("Moving Defendants"). (Docket Nos. 84 and 85). Rusch was granted 21 days during which to file an amended complaint. (Docket No. 85 at 1). As of the date of this writing – 217 days later – no amended complaint has been filed.[1] On February 10, 2011, Moving

---

[1] The resolution of this issue was somewhat delayed by the filing of what appeared to be a notice of appeal by one of the co-Plaintiffs in this case on February 3, 2011. (Docket No. 91). However, on July 1, 2011, the Court of Appeals for the Third Circuit determined that that filing should be treated as a motion for permission to appeal, and denied it. (Docket No. 100).

Defendants moved to dismiss those claims with prejudice for lack of prosecution. (Docket No. 92).

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules failure to prosecute, or to comply with other procedural rules. Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the Poulis factors is as follows:

(1) The extent of the party's personal responsibility.

Rusch is proceeding in this matter *pro se*. There is no indication that he did not receive the order of December 21, 2010. (Docket No. 85). The responsibility for his failure to respond to is Rusch's alone.

(2) Prejudice to the adversary.

Rusch was ordered to respond with an amended complaint, if appropriate, within 21 days of December 21, 2011, or the claims that were dismissed without prejudice would be dismissed with prejudice. Id. at 1. Not dismissing those claims with prejudice would prejudice defendants who relied on that order.

(3) A history of dilatoriness.

Rusch has not made any effort to move this case forward and has ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Rusch does not intend to proceed with the claims at issue.

3

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Rusch's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Rusch is proceeding *pro se* and has not responded to the Court's order. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

Rusch has not asserted adequate basis in the complaint to conclude that Moving Defendants are liable under 42 U.S.C. § 1983.

In light of the foregoing, the undersigned finds that the Poulis factors weigh heavily in favor of dismissal. Consequently, those claims against Moving Defendants that were dismissed without prejudice on December 21, 2011 (Docket No. 85) will be dismissed with prejudice.

AND NOW, this __27th__ day of July, 2011,

IT IS HEREBY ORDERED that Rusch's claims against Defendants Adams, Ludwig, Xander and Community Education Centers, Inc. are DISMISSED, with prejudice. These Defendants are hereby dismissed from this case.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Adams, Ludwig, Xander and Community Education Centers, Inc. (Docket No. 92) is DENIED as MOOT.

BY THE COURT:

*Nora Barry Fischer*
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

4

cc:
**JOHN CULLEN**
BC6256
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

**MICHAEL PERRY**
DA3194
SCI Mercer
801 Butler Pike
Mercer, PA 16137

**MARTIN STULL**
GC6165
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501

**DONALD RUSCH**
HE7208
SCI Mercer
801 Butler Pike
Butler, PA 16137