IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CULLEN,<br>MICHAEL PERRY,<br><br>       Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>       Defendants. | Civil Action No. 09-1562<br><br>District Judge Mark. R. Hornak<br>Magistrate Judge Cynthia Reed Eddy |

**ORDER OF COURT GRANTING IN PART AND DENYING IN PART
PENDING MOTIONS TO COMPEL DISCOVERY [ECF Nos. 104, 110]**

Plaintiffs' Michael Perry and John Cullen are two of four State prisoners who, at the time this lawsuit was filed, were all incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiffs bring this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that a variety of practices and conditions at SCI-Pittsburgh violate their Constitutional rights. See, generally, Complaint [ECF No. 14] This suit commenced with the receipt of the complaint on November 11, 2009. [ECF No. 1][1]

On August 8, 2011, this Court entered a Case Management Order [ECF No. 103] which provided that discovery was to close on October 7, 2011, motions for summary judgment were due by November 7, 2011, and responses to said motions were due by December 7, 2011. Said order also stated that "plaintiff may attach to his affidavit copies of any depositions, answers to interrogatories, institutional records or other documents he wishes this court to consider when addressing the summary judgment motion." [ECF No. 103, at 2]

---

[1] Although filed originally as a class action, United States District Judge Nora Barry Fischer struck the class action allegations from the complaint on January 25, 2011. [ECF No. 87] Proceedings in this Court were stalled until the Third Circuit Court of Appeals rejected Perry's Notice of Appeal as premature on July 1, 2011. [ECF No. 100]

1

On October 3, 2011, Plaintiff Michael Perry filed a Motion to Compel Discovery [ECF No. 104], stating that defendants had refused to answer any of his interrogatory requests, and seeking an order compelling defendants to respond to his discovery requests, to extend the time for discovery for one year, and to order a discovery conference. Defendants' Response to Motion to Compel [ECF No. 105] objected to Perry's discovery requests because they allowed only 29 days, instead of the requisite 30 days, to respond, but "[r]eserving this and other objections defendants are in the process of responding to Plaintiff's interrogatories." [ECF No. 105, at ¶ 3]

Plaintiff John Cullen filed a Motion to Compel [ECF No. 110] on October 31, 2011, asserting that defendants had provided inadequate discovery in response to his requests (attached as exhibits to motion), and seeking sanctions pursuant to Fed.R.Civ.P. 37. Defendants filed a Response To Motion to Compel Discovery [ECF No. 113] explaining their various responses to Plaintiff's discovery requests.

While these discovery motions were pending, defendants filed a Motion for Summary Judgment [ECF No. 114] requesting that summary judgment be entered in favor of the Commonwealth defendants and against Plaintiffs on all remaining claims. Plaintiffs Perry and Cullen filed responses [ECF No. 128, 130] to the motion for summary judgment in which they each asserted that the failure of the defendants to provide adequate discovery rendered it impossible for them to file meaningful responses to the motion for summary judgment and concise statement of material facts in support thereof, and they seek an order compelling discovery and enlarging the time within which to respond to the motion for summary judgment.

After careful consideration of Plaintiffs' discovery requests, motions to compel, defendants' responses to the motions, and the exhibits attached, this Court makes the following rulings.

**Michael Perry's Motion to Compel [ECF No. 104]**

Although defendants stated they would provide discovery in response to Plaintiff's requests, it is clear from Perry's response to the motion for summary judgment and his response to their concise statement of material facts that he has received some discovery but nevertheless believes he is entitled to more, without which he cannot file a meaningful and adequate response. This Court is cognizant of defendants' efforts to provide documents and otherwise respond to many of Plaintiff's requests, but as discussed and limited in connection with Mr. Cullen's discovery motion, will direct defendants to make additional efforts to provide discovery which may lead to admissible evidence. This motion will be granted in part and denied in part.

**John Cullen's Motion to Compel [ECF No. 110]**

This motion also will be granted in part and denied in part. Plaintiff Cullen's first ten interrogatories request information pertaining to persons, witnesses and expert witnesses defendants intend to produce at trial and their expected testimony. The Court agrees with defendants that this request is premature as they have not yet identified what witnesses they intend to call at trial, and they have no obligation to do so at this stage of the proceedings. The objections to Interrogatories 1-10 are therefore sustained.

Interrogatories 11, 12 and 14 all seek documents, electronic data, reports, grievances, etc. regarding, respectively, understaffing on the several blocks at SCI-Pittsburgh, overcrowding and double-celling, and lack of access to the courts. Defendants have produced some responsive materials to Interrogatories 11 and 12, but not with regard to 14. The Court overrules defendants' objections to these interrogatories and will grant the motion to compel full responses to Interrogatories 11, 12 and 14. Defendants shall search their files in a good faith effort to find

materials responsive to these requests, with the starting point being June 2007, when SCI-Pittsburgh was reopened after a hiatus of several years.

Interrogatories 13, 15 and 16 seek materials concerning assaults, sexual assaults and other crimes and ethical violations charged against guards, employees and agents of the Pennsylvania Department of Corrections at SCI-Pittsburgh. The Court agrees with defendants that these requests are not relevant to the civil rights violations claimed in the Complaint in this case. There have been sensational local news reports of an investigation of SCI-Pittsburgh involving several guards alleged to have subjected certain inmates to abuse, and there is at least one civil lawsuit that has been generated as a result of the investigation. See Doe v. Nicoletti, Civil Action No. 11-1121 (W.D.Pa.).  However, the instant civil rights complaint is based upon physical prison conditions and practices and denial of access to the courts, not on assaultive or abusive behavior by guards and employees. The Court will sustain defendants' objections to Interrogatories 13, 15 and 16.

Interrogatory 19 seeks similar information about one corrections officer directed at Plaintiff Cullen, which appears to be of marginal relevance to this civil rights complaint, but because this corrections officer is also alleged in Interrogatory 18 to have subjected Plaintiff Cullen to numerous searches and confiscations of his legal materials in preparation for this litigation, the Court will overrule defendants' objections to Interrogatories 18 and 19.

Finally, the objections to Interrogatory 17 as overbroad, unlikely to lead to admissible information and privileged and confidential as it relates to other inmates are well-founded, and will be sustained.

**Requests for Enlargement of Time**

In light of the above discussion and rulings, the Court will grant Plaintiffs' requests to enlarge the time for discovery and to file their responses to the motion for summary judgment.

**AND NOW, this 26th day of January, 2012**, for the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Perry's Motion to Compel [ECF No. 104] and Plaintiff Cullen's Motion to Compel [ECF No. 110] are GRANTED in part and DENIED in part, as set forth more fully herein.

IT IS FURTHER ORDERED that defendants shall comply with this Order as directed on or before **February 10, 2012**. Plaintiffs shall file any discovery motions on or before **February 24, 2012**; defendants shall respond thereto on or before **March 2, 2012**. The Court will resolve any remaining discovery disputes promptly thereafter.

IT IS FURTHER ORDERED that Plaintiffs each shall file a Supplemental Response to Motion for Summary Judgment on or before **March 20, 2012**. Defendants may file a Reply on or before **April 3, 2012**; Plaintiffs each may file a Sur-reply on or before **April 17, 2012.**

IT IS FURTHER ORDERED that the parties have until **February 10, 2012**, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:
John Cullen, Pro Se
BC6256
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Michael Perry, Pro Se
DA3194
SCI Mercer
801 Butler Pike
Mercer, PA 16137

All counsel of record by Notice of Electronic Filing