IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CULLEN, | ) |
| MICHAEL PERRY, | )  Civil Action No. 09-1562 |
| MARTIN STULL, | ) |
| DONALD RUSCH, | )  District Judge Mark. R. Hornak |
| | )  Magistrate Judge Cynthia Reed Eddy |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| Defendants. | |

**ORDER OF COURT REGARDING DISCOVERY DISPUTES**

On October 3, 2011, Plaintiff Michael Perry filed a Motion to Compel Discovery [ECF No. 104], stating that defendants had refused to answer any of his interrogatory requests, and seeking an order compelling defendants to respond to his discovery requests, to extend the time for discovery for one year, and to order a discovery conference. Defendants' Response to Motion to Compel [ECF No. 105] objected to Perry's discovery requests because they allowed only 29 days, instead of the requisite 30 days, to respond, but "[r]eserving this and other objections defendants are in the process of responding to Plaintiff's interrogatories." [ECF No. 105, at ¶ 3]

Plaintiff John Cullen filed a Motion to Compel [ECF No. 110] on October 31, 2011, asserting that defendants had provided inadequate discovery in response to his requests (attached as exhibits to motion), and seeking sanctions pursuant to Fed.R.Civ.P. 37. Defendants filed a Response To Motion to Compel Discovery [ECF No. 113] explaining their various responses to Plaintiff's discovery requests.

1

While these discovery motions were pending, defendants filed a Motion for Summary Judgment [ECF No. 114] requesting that summary judgment be entered in favor of the Commonwealth defendants and against Plaintiffs on all remaining claims.  Plaintiffs Perry and Cullen filed responses [ECF No. 128, 130] to the motion for summary judgment in which they each asserted that the failure of the defendants to provide adequate discovery rendered it impossible for them to file meaningful responses to the motion for summary judgment and concise statement of material facts in support thereof.

After careful consideration of Plaintiffs' discovery requests, motions to compel, defendants' responses to the motions, and the exhibits attached, on January 26, 2012, this Court entered an Order [ECF No. 131] granting in part and denying in part Plaintiffs' motions to compel discovery.  That Order stated, in relevant part, as follows:

### Michael Perry's Motion to Compel [ECF No. 104]

Although defendants stated they would provide discovery in response to Plaintiff's requests, it is clear from Perry's response to the motion for summary judgment and his response to their concise statement of material facts that he has received some discovery but nevertheless believes he is entitled to more, without which he cannot file a meaningful and adequate response. This Court is cognizant of defendants' efforts to provide documents and otherwise respond to many of Plaintiff's requests, but as discussed and limited in connection with Mr. Cullen's discovery motion, <u>will direct defendants to make additional efforts to provide discovery which may lead to admissible evidence</u>. This motion will be granted in part and denied in part.

### John Cullen's Motion to Compel [ECF No. 110]

This motion also will be granted in part and denied in part. Plaintiff Cullen's first ten interrogatories request information pertaining to persons, witnesses and expert witnesses defendants intend to produce at trial and their expected testimony. The Court agrees with defendants that this request is premature [and the] . . . objections to Interrogatories 1-10 are therefore sustained.

>        Interrogatories 11, 12 and 14 all seek documents, electronic data, reports, grievances, etc. regarding, respectively, understaffing on the several blocks at SCI-Pittsburgh, overcrowding and double-celling, and lack of access to the courts. Defendants have produced some responsive materials to Interrogatories 11 and 12, but not with regard to 14.  The Court overrules defendants' objections to these interrogatories and will grant the motion to compel <u>full responses to Interrogatories 11, 12 and 14. Defendants shall search their files in a good faith effort to find materials responsive to these requests, with the starting point being June 2007</u>, when SCI-Pittsburgh was reopened after a hiatus of several years.
>
>        Interrogatories 13, 15 and 16 seek materials concerning assaults, sexual assaults and other crimes and ethical violations charged against guards, employees and agents of the Pennsylvania Department of Corrections at SCI-Pittsburgh. The Court agrees with defendants that these requests are not relevant to the civil rights violations claimed in the Complaint in this case. . . .
>
>        Interrogatory 19 seeks similar information about one corrections officer directed at Plaintiff Cullen, which appears to be of marginal relevance to this civil rights complaint, but because this corrections officer is also alleged in Interrogatory 18 to have subjected Plaintiff Cullen to numerous searches and confiscations of his legal materials in preparation for this litigation, the Court will overrule defendants' objections to Interrogatories 18 and 19.
>
>        Finally, the objections to Interrogatory 17 as overbroad, unlikely to lead to admissible information and privileged and confidential as it relates to other inmates are well-founded, and will be sustained.

Order of Court, January 26, 2012 [ECF No. 131] (emphasis added).

The Court granted Plaintiffs' requests to enlarge the time for discovery and to file responses to the motion for summary judgment after receiving the discovery directed by the Court, and ordered that "defendants shall comply with this Order as directed on or before February 10, 2012.  Plaintiffs shall file any discovery motions on or before February 24, 2012; defendants shall respond thereto on or before March 2, 2012." <u>Id</u>.

On February 22, 2012, Plaintiff Cullen filed a "Response to February 9, 2012 Correspondence/Pleading Regarding Document 131 filed 01/26/2012," [ECF No. 132], which this Court deems a discovery motion. In the motion, Plaintiff asserts that Defendants have failed to comply with the Court's order for discovery, citing several deficiencies in Defendants' inadequate response. Defendants did not respond to Plaintiff Cullen's discovery response/motion.

Subsequently, Plaintiffs Cullen and Perry filed a timely Supplemental Response to Motion for Summary Judgment [ECF No. 133], requesting this Court dismiss Defendants' Motion For Summary Judgment because of their failure to provide Court ordered discovery, which hamstrings Plaintiffs' ability to file a meaningful substantive response. Defendants did not file a Reply to Plaintiffs' Supplemental Response.

The Court is concerned by Defendants' apparent failure to comply with their discovery obligations. Plaintiffs have made serious averments about the failure to comply with this Court's orders in two filed documents [ECF Nos. 132 and 133], yet Defendants have chosen not to offer any explanation for their Spartan discovery production or otherwise respond to Plaintiffs' averments. This Court is unable to make an informed decision on Defendants' Motion for Summary Judgment because Plaintiffs are unable to file a meaningful substantive response.

In light of the foregoing, the Court HEREBY ORDERS Defendants to File "Defendants' Response to Plaintiffs' Response to February 9, 2012 Correspondence/Pleading Regarding Document 131 filed 01/26/2012" at [ECF No. 132], on or before **May 14, 2012**, which shall state, with particularity, whether they have complied with the Court's discovery orders and Plaintiffs' Response at [ECF No. 132], and if not, why not. The Court will thereafter decide whether Defendants are in compliance, and if not, whether dismissal of the motion for summary

judgment would be appropriate or, alternatively, whether a hearing on discovery disputes should be scheduled.

    IT IS SO ORDERED.

    The parties have until **May 14, 2012**, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:
John Cullen, Pro Se
BC6256
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Michael Perry, Pro Se
DA3194
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Martin Stull, Pro Se
GC6165
SCI Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501

All counsel of record by Notice of Electronic Filing