## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CULLEN, MICHAEL PERRY,     )
MARTIN STULL, DONALD RUSCH,    )
                             )

          Plaintiffs,       )     Civil Action No. 2:09-cv-01562
                             )

v.                            )     District Judge Mark. R. Hornak
                           )     Magistrate Judge Cynthia Reed Eddy

PENNSYLVANIA DEPARTMENT OF    )
CORRECTIONS, et al.,           )
                             )

         Defendant.    )

## MEMORANDUM ORDER

This case was initiated by Plaintiffs, John Cullen, Michael Perry, Martin Stull, and

Donald Rusch, four state prisoners who, at the time this lawsuit was filed, were incarcerated at

the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh").[1] Plaintiffs brought this lawsuit

pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that a variety of practices

and conditions at SCI-Pittsburgh violated their constitutional rights. *See generally*, Complaint

[ECF No. 14]. The Complaint names as Defendants the Pennsylvania Department of Corrections

("PaDOC"), the Secretary of the PaDOC, Jeffrey Beard, per the case caption in his official

capacity only, and a host of officers, guards, employees and contractors of SCI-Pittsburgh, in

both their official and personal capacities. Complaint, [ECF No. 14, at ¶¶ 6-32].[2]

The case was referred to United States Magistrate Judge Cynthia Reed Eddy on October

27, 2011, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §

---

[1] One Carl Thomas was also originally a Plaintiff in this action, but was dismissed from the case in January, 2010 due to his failure to comply with certain Orders of this Court. ECF No. 12.

[2] For the reasons set forth in the Report and Recommendation, all claims asserted by Plaintiffs Rusch and Stull are dismissed.

636(b)(1), and the local rules of court.[3] Subsequently, on November 11, 2011, Defendants filed

a Motion for Summary Judgment [ECF No. 114], seeking to have all of the remaining claims

dismissed as to all of the remaining Defendants.

On May 29, 2012, the United States Magistrate Judge filed a Report and

Recommendation [ECF No. 137] recommending that Defendants' Motion for Summary

Judgment [ECF No. 114] be denied in part, as to Plaintiff Cullen's personal capacity claims

related to his double celling grievance and Plaintiff Perry's personal capacity claims related to

his grievances about the physical condition of the facility[4], and granted in Defendants' favor in

all other respects. Both sides filed timely Objections to the Report and Recommendation [ECF

Nos. 138, 139]. As required by statute and rule, 28 U.S.C. § 636 (b)(1), Fed. R. Civ. P. 72(b)(3),

this Court has conducted a *de novo* review of the record for purposes of ruling on the Objections

filed.

Plaintiffs Cullen and Perry raise four (4) principal objections to the Magistrate Judge's

Report and Recommendation. First, they contend that while Defendant Beard is listed in the

caption in his official capacity only, the claims asserted against Beard in Counts I, II, III, and IV

---

[3] At various other times, this civil action had also been assigned to then-Magistrate Judge Bissoon and District Judge Nora Barry Fischer. It was reassigned pursuant to the processes of this Court when Judge Bissoon was appointed a District Judge, and when this member of the Court entered upon duty.

[4] As is ably reflected in the Magistrate Judge's Report and Recommendation, the conditions at this facility were the subject of extensive judicial consideration in *Tillery v. Owens*, 719 F. Supp. 1256 (W.D.Pa. 1989), *aff'd*, 907 F.2d 418 (3d Cir. 1990). As a result of the *Tillery* litigation, a wide range of corrective measures were required to be implemented at SCI-Pittsburgh, and the facility was under the watchful eye of a Court-appointed monitor for a number of years thereafter, ending in approximately 1998. The Defendants have advanced a detailed statement of facts which they claim are not in dispute which assert that the conditions at that facility were not only substantially improved as a result of that Court oversight, but that they remain improved to this date. ECF No. 115. That facility was "mothballed" by the Commonwealth in 2005, but was then reopened in 2007 as a minimum security facility. While *Tillery* was noted in the Plaintiffs' Complaint, and is addressed by way of background in the Report and Recommendation, it does not appear from the record that the parties have addressed directly whether the mandates set forth in *Tillery* regarding the conditions of the facility retain sufficient vitality to be applicable, in whole or in part, to the current operations at SCI-Pittsburgh. As part of the further proceedings in this case, the parties may address that issue as directed by the Magistrate Judge, and if the remedial Orders in *Tillery* continue to impose any currently applicable obligations, it may be that some or all of the claims remaining would be properly addressed, procedurally, in an enforcement proceeding as opposed to the litigation of the remaining claims *vel non*. That issue need not be resolved at this procedural juncture.

2

should remain against him in his personal capacity. Second, Cullen and Perry object to the dismissal of Defendant James Niehenke from Count II. Third, Plaintiffs object to the dismissal of their overcrowding claim at Count III. Finally, the objecting Plaintiffs contend that their claims under Count IV as to access to courts should remain. The Court will address each Objection in turn.

## I. PLAINTIFFS' OBJECTIONS AS TO CLAIMS AGAINST BEARD AND NIEHENKE

State officials sued for damages in their personal capacities are persons under §1983 and therefore subject to suit in their individual capacity. *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990). On the other hand, suits against such individuals in their official capacities are tantamount to suits against the state *qua* state. In determining whether a plaintiff has sued a state official in her personal capacity, official capacity, or both, the court is to look beyond the phrasing of the caption and focus on the substance of the Complaint and the course of the proceedings. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). That said, generalized allegations of personal involvement, or non-specific claims for money damages are not sufficient to make out a claim of Constitutional deprivation actionable under §1983. *See Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988). Such allegations must be made with particularity. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir 2005); *See also, Schultz v. Allegheny County*, 835 F.Supp 2d 14, 24 (W.D. Pa 2011); *Perano v. Allbaugh*, 10-cv-01623, 2011 WL 1103885, *7 (E.D. Pa Mar. 25, 2011). Out of necessity, such allegations must be supported with the appropriate record evidence when tested by a summary judgment motion.

Our Court of Appeals has instructed that a court must interpret the pleading in determining whether defendant being sued in personal capacity is given adequate notice that personal assets are at stake. *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988). Construing

3

the Complaint as directed, we conclude that while the Plaintiffs have claimed in a general sense money damages from Defendant Beard, the Magistrate Judge was correct in concluding that Plaintiffs have not advanced the requisite level of particularity of personal engagement and involvement of Defendant Beard such that the claims asserted as against him can proceed forward against him personally. While the caption of the case reflects that Defendant Beard is sued in his official capacity, and the substance of the Complaint, particularly at Count I, facially does go beyond that as the Plaintiffs seek compensatory and punitive damages against the individuals, including Beard, that is not sufficient to support the allegations of sufficient personal involvement by Beard in the conduct alleged. The law is also clear that such relief may not be recovered from Defendants in their official capacities. *See id.* at 120. Thus, the Plaintiffs' objection as to Defendant Beard is overruled.

The Plaintiffs' objection with respect to the claim brought against Defendant James Niehenke in Count II will be sustained. The Court's review of the record demonstrates no basis to exclude the claims against this Defendant from the claims asserted against the other co-Defendants listed as to that Count, and the Recommendation that there is a genuine issue of material fact as to those claims would apply as to Defendant Niehenke also. Therefore, Defendant Niehenke will remain in Count II of the Complaint.

## II. PLAINTIFFS' OBJECTIONS AS TO CLAIMS RELATED TO OVERCROWDING AND ACCESS TO COURTS

The Plaintiffs' objections to the Report and Recommendation with respect to access to courts is overruled.

The Court would note that the Eighth Amendment overcrowding claims are kept alive by the Magistrate Judge's Report and Recommendation because there remains a genuine issue of material fact. ECF No. 137 at 11. We also agree with the Report and Recommendation that,

while Plaintiffs Cullen and Perry are listed in the heading of Count IV, the facts stated in the Complaint itself, combined with the record, fail to show that Cullen and Perry were in fact denied access to courts actually caused by the alleged deficiencies of the law library at SCI-Pittsburgh. *See, e.g.*, ECF No. 14 ¶¶ 80-95. It is undisputed that making the law library at SCI-Pittsburgh fully functional was delayed. ECF No. 116 at 15. Further, the Plaintiffs allege a number of shortcomings in the level and quality of law library and related staff resources available to them. However, the Plaintiffs fail to demonstrate any actual injury resulting from the harm alleged here. Specifically, Plaintiffs have not shown that because of the denial of, for instance, a Shepard's Citation book or the availability of a law librarian, they were actually denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). The only Plaintiff that is alleged to suffer harm in this respect is Plaintiff Rusch; Rusch is properly dismissed from the case for the reasons stated by the Magistrate Judge, and Cullen and Perry cannot stand in his place. Therefore, we will overrule the Objections related to Count IV and adopt the Report and Recommendation as to this access to courts claim.

## III. DEFENDANTS' OBJECTIONS AS TO CLAIMS AGAINST INDIVIDUAL DEFENDANTS

The Defendants, on the other hand, raise objections of their own. The objections raised by the Defendants are that, generally speaking, not all of the persons named in the Complaint were sufficiently personally involved in the alleged wrongdoing here to permit the assessment of liability against them, a threshold requirement in sustaining a § 1983 claim. More specifically, the Defendants object to the Report and Recommendation with respect to the denial of summary judgment as to Defendant Dorina Varner, a central-office employee of PaDOC with responsibility over the grievance process.

While the Court agrees with the Report and Recommendation that there is a genuine issue of material fact as the personal involvement of certain of the various named individual Defendants, with respect to Ms. Varner, the Court agrees with Defendants and will sustain the objection as to Defendant Varner only. Defendants in a civil rights action must have personal involvement in the alleged wrongdoing, and liability cannot be established solely on the operation of respondeat superior. The claim asserted as to Varner falls into the latter category. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). The Court will sustain this Objection to the Report and Recommendation as to Defendant Varner only. Summary judgment is granted in her favor as to all claims. There remains a genuine issue of material fact regarding the degree of personal involvement of the named Defendants Blandford, Chamberlain, Scire, Kovacs, Sauers, Johnson (as to the claims based on double celling) and Emerick, Sauers, Kovacs, Scire, Crytzer, Chamberlain, Ray and Monzingo (as to the claims related to the physical condition of the facility) in the grievance process and the alleged conditions at SCI-Pittsburgh. However, with respect to Defendant Varner, there has not been a sufficient showing that she was personally involved, through personal direction and actual knowledge and acquiescence, in the alleged harm here, and the claims against her cannot survive summary judgment.

## IV. CONCLUSION

After a *de novo* review of the pleadings and documents in the case, including the motion for summary judgment and briefs in support and in opposition thereto, the Report and Recommendation, and the parties' Objections and responses thereto, this Court concludes the Report and Recommendation of the Magistrate Judge will be adopted as the Order and Opinion of this Court, except as to the specific matters set forth in this Order.

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, ECF No. 114, be granted in part and denied in part. Summary Judgment is granted in favor of all Defendants as to all claims asserted by Plaintiffs Stull and Rusch. Summary judgment is granted in favor of all Defendants as to all claims for injunctive and declaratory relief.[5] Summary Judgment is granted in favor of all Defendants as to claims alleging a denial of access to the courts (Count IV). Summary judgment is granted as to the Defendant Pennsylvania Department of Corrections as to all claims for money damages (All Counts). Summary Judgment is denied as to the conditions of confinement claims as set forth in Counts II (as to Defendants Blandford, Chamberlain, Scire, Kovacs, Sauers, Niehenke and Johnson) and III (as to Defendants Emerick, Sauers, Kovacs, Scire, Varner, Crytzer, Chamberlain, Ray and Mozingo), and is granted as to such Counts II and III as to all other Defendants. Count V was dismissed by prior Order. Except as modified by this Memorandum Opinion, the Magistrate Judge's Report and Recommendation is otherwise adopted by this Court.

In light of the claims remaining in this action which may now proceed to trial, the matter is remanded to the United States Magistrate Judge in order to (a) conduct the balance of requisite pretrial proceedings, and to direct such additional briefing as may be appropriate on the issues of Mr. Cullen's status, and the question of any residual remedial vitality of the *Tillery* decision, and (b) notify and direct the Clerk's Office to seek volunteer pro bono counsel for appointment to serve as counsel for the Plaintiffs, appoint such counsel, and thereafter upon appointment of such

---

[5] By a filing on the Court's docket on November 21, 2012, ECF No. 142, Plaintiff Cullen advised the Court and all parties that he had completed his term of imprisonment as of November 22, 2012, and would be released from custody that day. The Court will leave it to the Magistrate Judge in the first instance, after such briefing as may be directed on the point, to determine the effect, if any, of that change in status on the viability of the claims which remain as asserted by Plaintiff Cullen. It does not appear that there has been any address change as to the other Plaintiffs.

counsel, set and conduct a status/settlement conference for purposes of defining, and to the

extent practicable, simplifying the matters to be tried.

Mark R. Hornak
United States District Judge

Dated: 12-3-12

cc:

John Cullen, Pro Se
8 Iron Street
Canonsburg, PA 15317

Michael Perry, Pro Se
DA3194
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Martin Stull, Pro Se
GC6165
SCI Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501

Donald Rusch, Pro Se
HE7208
SCI Mercer
801 Butler Pike
Mercer, PA 16137

All counsel of record by Notice of Electronic Filing